IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 24-cv-00317-NYW

W.H.D.,[1]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This case arises under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–33, for review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). After careful consideration of the Parties' arguments and the entire record, the Commissioner's decision is respectfully **REVERSED** and **REMANDED**.

### BACKGROUND

Plaintiff W.H.D. filed applications for DIB and SSI in November 2018. [Doc. 10 at 309, 316].[2] In her applications, she alleged that she was suffering from post-traumatic

---

[1] The Local Rules for this District provide that "[a]n order resolving a social security appeal on the merits shall identify the plaintiff by initials only." D.C.COLO.LAPR 5.2(b). Accordingly, this Court refers to Plaintiff using her initials only.

[2] When citing to the Administrative Record, the Court cites to the docket number assigned

stress disorder ("PTSD"), major depression, and chronic respiratory infections, rendering her disabled. [*Id.* at 385]. The Social Security Administration ("SSA") denied Plaintiff's applications on April 9, 2019. [*Id.* at 168, 174]. On June 25, 2019, these decisions were affirmed on reconsideration. [*Id.* at 182, 188]. Plaintiff then requested a hearing before an administrative law judge ("ALJ"), [*id.* at 193], and a hearing was held before ALJ Debra Denney on August 17, 2023, [*id.* at 75].[3]

The ALJ issued a decision finding that Plaintiff is not disabled on August 31, 2023. *See* [*id.* at 38–50]. The ALJ made multiple findings in her ruling. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 9, 2018. [*Id.* at 41]. Second, the ALJ concluded that Plaintiff has the following severe impairments: depression, anxiety, PTSD, and alcohol use disorder. [*Id.*]. Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in the Social Security Regulations' Listing of Impairments. [*Id.* at 41–43].

Next, the ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with the following non-exertional limitations:

> [Plaintiff] can perform only unskilled work; make only simple judgments; and can interact on a brief and occasional basis with coworkers and supervisors, but should not be asked to work with the general public or on a team.

---

by the CM/ECF system and the page number associated with the Administrative Record, which is found in the bottom right-hand corner of each page. For all other documents, the Court cites to the document and page number generated by the CM/ECF system, rather than the page numbers assigned by the Parties.

[3] A hearing was originally convened on May 9, 2023, but was continued to permit Plaintiff an opportunity to find counsel. *See* [Doc. 10 at 58–74].

[*Id.* at 43]. The ALJ ultimately concluded that Plaintiff is not disabled as defined in the Act. [*Id.* at 50].

Plaintiff requested review of the ALJ's decision, and the Appeals Council denied her request. [*Id.* at 1–4]. Consequently, the ALJ's decision serves as the final decision of the Commissioner. Plaintiff filed this federal action on February 1, 2024, seeking judicial review of the Commissioner's decision in the United States District Court for the District of Colorado. *See* [Doc. 1]. This matter is ripe for review, and the Court considers the Parties' arguments below.

## LEGAL STANDARD

An individual is eligible for DIB under the Act if she is insured, has not reached retirement age, has filed an application for DIB, and is disabled as defined in the Act. 42 U.S.C. § 423(a)(1). For purposes of DIB, the claimant must prove that she was disabled prior to her date last insured. *Flaherty v. Astrue*, 515 F.3d 1067, 1069 (10th Cir. 2007). In addition, SSI is available to an individual who is financially eligible,[4] files an application for SSI, and is disabled as defined in the Act. 42 U.S.C. § 1382; 20 C.F.R. § 416.202.

An individual is disabled if her "physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The disabling impairment must last, or be expected to last, for at least

---

[4] SSI is a needs-based program established for individuals with limited resources. *See* 20 C.F.R. § 416.110; *see also Ford v. Commissioner*, 816 F. App'x 276, 279 (10th Cir. 2020) (discussing the differences between DIB and SSI).

3

12 consecutive months. *See Barnhart v. Walton*, 535 U.S. 212, 214–15 (2002). When a claimant has one or more physical or mental impairments, the Commissioner must consider the combined effects in making a disability determination. 42 U.S.C. §§ 423(d)(2)(B), 1382c(a)(3)(G).

The Commissioner has developed a five-step evaluation process for determining whether a claimant is disabled under the Act. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five steps contemplate the following determinations:

1. Whether the claimant has engaged in substantial gainful activity;

2. Whether the claimant has a medically severe impairment or combination of impairments;

3. Whether the claimant has an impairment that meets or medically equals any listing found at Title 20, Chapter III, Part 404, Subpart P, Appendix 1;

4. Whether the claimant has the RFC to perform her past relevant work; and

5. Whether the claimant can perform work that exists in the national economy, considering the claimant's RFC, age, education, and work experience.

*See id.* §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v); *see also Williams v. Bowen*, 844 F.2d 748, 750–52 (10th Cir. 1988) (describing the five steps in detail). "The claimant bears the burden of proof through step four of the analysis," while the Commissioner bears the burden of proof at step five. *Nielson v. Sullivan*, 992 F.2d 1118, 1120 (10th Cir. 1993). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotation omitted).

In reviewing the Commissioner's final decision, the Court limits its inquiry to whether substantial evidence supports the decision and whether the Commissioner applied the correct legal standards. *See Vallejo v. Berryhill*, 849 F.3d 951, 954 (10th Cir.

2017). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Flaherty*, 515 F.3d at 1070 (quotation omitted), and evidence is not substantial "if it is overwhelmed by other evidence in the record or constitutes mere conclusion," *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). In conducting its review, the Court "cannot reweigh the evidence or substitute [its] judgment for the administrative law judge's." *Smith v. Colvin*, 821 F.3d 1264, 1266 (10th Cir. 2016).

Remand is warranted where the ALJ fails to apply the correct legal standard or fails to provide the reviewing court "with a sufficient basis to determine that appropriate legal principles have been followed." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotation omitted). But if the Court "can follow the adjudicator's reasoning in conducting [its] review, and can determine that correct legal standards have been applied, merely technical omissions in the ALJ's reasoning do not dictate reversal." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012).

## ANALYSIS

Plaintiff presents two issues to the Court for review. First, Plaintiff argues that the ALJ erred in not finding Plaintiff's right shoulder fracture and cervical degenerative disc disease to be medically determinable impairments and in not considering these impairments in the RFC assessment. [Doc. 11 at 8–13]. Additionally, Plaintiff argues that the ALJ failed to properly evaluate the supportability and consistency of the medical opinion of Dr. Helen Bowden ("Dr. Bowden"), and as a result, the RFC determination is not supported by substantial evidence. [*Id.* at 13–19]. The Commissioner responds that because Plaintiff did not allege any shoulder or back impairments in her applications for

5

benefits or at the hearing, she has waived any argument with respect to those impairments. [Doc. 12 at 10–12]. Alternatively, the Commissioner argues that the ALJ did not commit error related to any back or shoulder impairments because there is no evidence of functional issues resulting from those impairments. [*Id.* at 12–14]. The Commissioner also contends that the ALJ properly evaluated Dr. Bowden's opinions. [*Id.* at 14–18]. The Court concludes that Plaintiff's second argument is dispositive and limits its analysis accordingly.

**I.      Evaluating Medical Opinions**

The Social Security Regulations identify five types of evidence the SSA considers in adjudicating a claim for benefits: (1) objective medical evidence; (2) medical opinions; (3) other medical evidence; (4) evidence from nonmedical sources; and (5) prior administrative medical findings. 20 C.F.R. §§ 404.1513(a), 416.913(a). "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [the claimant's] impairment(s) and whether [the claimant has] one or more impairment-related limitations or restrictions" in work-related abilities. *Id.* §§ 404.1513(a)(2), 416.913(a)(2). The ALJ has a duty to "give consideration to all the medical opinions in the record," *Keyes-Zachary*, 695 F.3d at 1161, and the ALJ must articulate how persuasive she finds each medical source opinion, 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b); *see also Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (the ALJ "must consider all relevant medical evidence in making [her] findings").

The persuasiveness of a medical source's opinion is evaluated based on five components: (1) the supportability of the opinion; (2) the consistency of the opinion; (3) the medical source's relationship with the claimant; (4) the medical source's area of

6

specialization; and (5) other factors that tend to support or contradict a medical opinion or prior administrative medical finding. 20 C.F.R. §§ 404.1520c(c), 416.920c(c).  The Regulations instruct that the factors of supportability and consistency "are the most important factors." *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2).  Therefore, the ALJ is required to explain how she considered the supportability and consistency factors with respect to each medical source opinion, and "may, but [is] not required to, explain how [she] considered the [remaining factors], as appropriate." *Id.*

The supportability component considers whether the medical source's opinions are supported by objective medical evidence and any supporting explanations.  *Id.* §§ 404.1520c(c)(1), 416.920c(c)(1).  "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . ., the more persuasive the medical opinions . . . will be." *Id.*  And the consistency factor looks at whether the medical source's opinion is consistent with evidence from other medical sources and nonmedical sources in the record.  *Id.* §§ 404.1520c(c)(2), 416.920c(c)(2).  "The more consistent a medical opinion[] . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion[] . . . will be." *Id.*

Although the regulations do not state the depth at which the ALJ must analyze or discuss these factors, the ALJ must provide "sufficient specificity to enable the reviewing court to decide whether the determination is supported by substantial evidence." *Harp v. Kijakazi*, No. 21-cv-00275-KRS, 2022 WL 2341740, at *6 (D.N.M. June 29, 2022) (quotation omitted).  At minimum, the ALJ must "provide an explanation that allows the reviewing court to follow [her] reasoning and communicates how [s]he considered the

factors of consistency and supportability for each medical source's opinions." *Zambrano v. Kijakazi*, No. 20-cv-01356-KRS, 2022 WL 1746765, at *5 (D.N.M. May 31, 2022).

II.     **The ALJ's Assessment of Dr. Bowden's Opinions**

Dr. Bowden is a licensed psychologist who performed a psychological consultative examination of Plaintiff on March 15, 2019.  *See* [Doc. 10 at 638].  In her evaluation report, Dr. Bowden detailed Plaintiff's social and familial history, work experience, past substance abuse, and medical treatment history.  [*Id.* at 638–42].  Dr. Bowden performed a "mini-mental status exam" to "obtain more detailed information about [Plaintiff's] mental status" and observed that Plaintiff was oriented to time, date, and location and was able to perform basic mental and self-care functions.  [*Id.* at 642–43 (capitalization altered)].

Dr. Bowden diagnosed Plaintiff with the following conditions, among others: persistent depressive disorder, early onset, with anxious distress, severe, with intermittent major depressive episodes; PTSD, with panic attacks; severe alcohol use disorder; unspecified obsessive-compulsive disorder; and generalized anxiety disorder, with panic attacks.  [*Id.* at 644].  Dr. Bowden opined that Plaintiff's "ability to engage in basic work activities is likely to be moderately impaired." [*Id.*].  She also opined that Plaintiff's "ability to sustain concentration" and "ability to persist in tasks to completion and perform tasks at a reasonable and consistent pace" are "likely to be moderately impaired."  [*Id.*].  Finally, Dr. Bowden opined that Plaintiff's "ability to engage in positive social interactions" and her "ability to adapt to change and stress in the workplace" are "likely to be moderately to severely impaired."  [*Id.*].

In her decision, the ALJ began her discussion of the medical source opinions by outlining that "[t]he record contains the opinions of" several providers, including Dr. Carol

8

Phelps, Dr. Maryann Wharry, Dr. Michael Canham, and Dr. Gayle Frommelt. [*Id.* at 47]. The ALJ observed that Drs. Phelps and Canham assessed Plaintiff with no severe physical limitations before setting out the mental limitations assessed by Drs. Wharry and Frommelt. [*Id.* at 47–48]. But with respect to Dr. Bowden, the ALJ only briefly mentioned her evaluation report, without any discussion of its substance, stating:

> The record also contains a consultative examination report from Helen Bowden, Ph.D. Dr. Bowden assessed that [Plaintiff's] mental impairments cause mild to moderate-severe limitations.

[*Id.* at 48 (citation omitted)]. The ALJ went on to conclude that the opinions of Drs. Wharry and Frommelt were the "most persuasive" of the medical source opinions because they were "largely well supported and consistent with the treatment records" and because those providers "had access to [Plaintiff's] record" and "are highly qualified with experience in evaluating disability claims." [*Id.*]. However, there was no further mention of Dr. Bowden's opinions. [*Id.*].

Plaintiff argues that the ALJ committed reversible error because she did not properly evaluate the supportability and consistency of Dr. Bowden's opinion. [Doc. 11 at 13]. For example, with respect to supportability, Plaintiff notes that the ALJ observed that the opinions of Drs. Wharry and Frommelt were persuasive because these doctors had "access to [her] record," *see* [Doc. 10 at 48], but the ALJ did not mention or discuss that Dr. Bowden's opinions were based on Plaintiff's past work history, experience being unhoused, and medical records, *see* [*id.* at 47–48]; *see also* [Doc. 11 at 14–15]. Plaintiff also contends that the ALJ failed to properly evaluate the consistency of Dr. Bowden's opinions with the entire record and directs the Court to record evidence that she believes is consistent with Dr. Bowden's limitation opinions. [Doc. 11 at 15–18]. Plaintiff contends

9

that the ALJ's failure to properly evaluate Dr. Bowden's opinions amounts to reversible error because "[t]he RFC contains no limitations as to Plaintiff's deficiencies in concentration, persisting in tasks, and pace in a work environment," which conflicts with Dr. Bowden's limitation opinions. [*Id.* at 18].

The Commissioner responds that the ALJ's "evaluation of Dr. Bowden's opinion complied with the[] minimal articulation requirements" set forth in the Regulations. [Doc. 12 at 15]. Defendant argues that the ALJ "assessed the persuasiveness of Dr. Bowden's opinion in comparison with the state agency psychologists' findings, explaining why Dr. Bowden's opinion was less persuasive and the psychologists' findings most persuasive." [*Id.*]. However, the Commissioner does not identify *where* in the ALJ's decision the ALJ explained how she considered the consistency and supportability of Dr. Bowden's opinions. *See* [*id.* at 14–18].

The Court respectfully disagrees with the Commissioner's characterization of the ALJ's decision. Contrary to the Commissioner's assertion, the ALJ did not explain why she found Dr. Bowden's opinions less persuasive than Dr. Wharry's opinions or Dr. Frommelt's opinions; in fact, she did not substantively discuss Dr. Bowden's opinions at all, let alone clearly evaluate their persuasiveness. *See* [Doc. 10 at 48]. Although the ALJ evaluated and expressly discussed the supportability and consistency of Dr. Wharry's and Dr. Frommelt's opinions, the ALJ failed to engage in this same analysis for Dr. Bowden's opinions. [*Id.* at 47–48]. And without *any* express discussion of Dr. Bowden's opinions—and, in particular, whether those opinions are consistent with the record and supported by medical evidence and explanation—the Court cannot follow the ALJ's reasoning or determine how the ALJ considered those factors in evaluating the

persuasiveness of Dr. Bowden's opinions. In other words, the ALJ did not adequately articulate her consideration of these factors, as required by the Regulations. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2) (requiring that the ALJ explain "*how* [she] considered the supportability and consistency factors" (emphasis added)).

The Commissioner cites to record evidence that he believes supports the ALJ's RFC assessment. *See* [Doc. 12 at 16–18]; *see also, e.g.*, [*id.* at 17–18 (the Commissioner arguing that a reasonable factfinder could conclude that Plaintiff's daily activities "were inconsistent with more[ ]restrictive limitations"). But this evidence and these rationales were not discussed or provided by the ALJ in her apparent rejection of Dr. Bowden's opinion, and the Court cannot "adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself." *Haga v. Astrue*, 482 F.3d 1205, 1207–08 (10th Cir. 2007); *see also Zambrano*, 2022 WL 1746765, at *5 (the court is "limited to evaluating the rationale offered by the ALJ to determine whether it conforms with the law and is supported by substantial evidence").

Because the ALJ did not discuss the supportability or consistency of Dr. Bowden's opinions or explain how she evaluated this opinion, remand is appropriate.[5] *See S.P. v. Kijakazi*, No. 6:22-cv-01077-SAC, 2022 WL 4465080, at *3 (D. Kan. Sept. 26, 2022) (concluding that "the absence of any supportability analysis, contrary to regulations, [was]

---

[5] The Commissioner does not argue that any error arising out of the ALJ's failure to assess and discuss the supportability and consistency of Dr. Bowden's opinions was harmless. *See* [Doc. 12 at 14–18]. "The failure to adequately articulate the consistency and supportability factors only constitutes 'harmless error if there is no inconsistency between the opinion and the ALJ's assessment of residual functional capacity.'" *Zambrano*, 2022 WL 1746765, at *7 (quoting *Mays v. Colvin*, 739 F.3d 569, 578–79 (10th Cir. 2014)). Because the RFC does not include any limitations that reflect Dr. Bowden's opinions, the Court cannot conclude that the ALJ's error was harmless.

a significant error"); *Crystal R. E. v. Kijakazi*, No. 4:20-cv-00319-SH, 2022 WL 446023, at *6–8 (N.D. Okla. Feb. 14, 2022) (remanding the case where nothing in the ALJ's decision demonstrated that the ALJ considered whether a medical source opinion was consistent with other evidence). The Court respectfully declines to address Plaintiff's other argument on appeal, as it "may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

## CONCLUSION

For the reasons set forth in this Order, the Commissioner's decision is respectfully **REVERSED** and **REMANDED** for further proceedings consistent with this Order.

DATED: March 25, 2025

BY THE COURT:

_____
Nina Y. Wang
United States District Judge